IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3064 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JACK W. POPEJOY, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, Jack W. Popejoy, pleaded guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, and, on May 28, 2004, was sentenced by the undersigned district judge to a term of 108 months' imprisonment. No appeal was taken.

On December 30, 2004, Popejoy filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (filing 69), claiming: (1) that he was wrongly denied a safety valve reduction; (2) that the prosecutor misrepresented certain facts; (3) that his sentence is excessive because too many drugs were attributed to him, the court labeled him a dangerous person without any evidence, and his criminal history was incorrect; and (4) that his attorney failed to object on these grounds and failed or refused to file an appeal. Filed at the same time were a motion to proceed in forma pauperis (filing 70) and a motion for appointment of counsel (filing 71).

On January 10, 2005, Magistrate Judge Piester entered an order (filing 74) granting Popejoy's motions for leave to proceed in forma pauperis and for appointment of counsel. The order also directed the government to file an answer within thirty days.

After obtaining an enlargement of time from Judge Piester, the government filed its answer (filing 79) and a supporting brief (filing 80) on April 15, 2005. The government generally denies each of Popejoy's allegations and avers that Popejoy's counsel did raise objections regarding drug quantity.

While Judge Piester's order of January 10, 2005, appears to have been issued in error,[1] it did not exceed the scope of his authority. See NECrimR 57.1(c)(2) (generally authorizing magistrate judges to "issue any preliminary orders" in § 2255 proceedings). Accordingly, it will be treated as an order that was properly issued on initial review conducted pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules").[2] The next step will be to determine whether an evidentiary hearing is warranted. See Rule 8(a) of the § 2255 Rules.

Before moving on to that next step, however, the court will provide Popejoy with an opportunity to file a reply to the government's answer and brief, pursuant to Rule 5(d) of the § 2255 Rules. Of particular interest to the court is whether there is

---

[1] Popejoy's § 2255 motion was not specifically referred to Judge Piester for any action. Normally, the undersigned district judge conducts the initial review of all § 2255 motions in cases that were assigned to him for trial. It is not the undersigned's usual practice to grant in forma pauperis status or to appoint counsel at the outset of a § 2255 proceeding.

[2] Rule 4(b) provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

any evidence to support the allegation that Popejoy's attorney refused to file an appeal. If there is, it should be submitted with the reply by affidavit.

　　　　IT IS ORDERED that Defendant may file a reply to the government's answer and brief on or before May 31, 2005.

　　　　DATED: May 11, 2005.　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　s/ Richard G. Kopf
　　　　　　　　　　　　　　　　　　　　　United States District Judge