IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3064 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JACK W. POPEJOY, | ) | |
| | ) | |
| Defendant. | ) | |

    The defendant, Jack W. Popejoy, pleaded guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, and, on May 28, 2004, was sentenced by the undersigned district judge to a term of 108 months' imprisonment. No appeal was taken.

    On December 30, 2004, Popejoy filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, together with motions for leave to proceed in forma pauperis and for appointment of counsel. On January 10, 2005, Magistrate Judge Piester granted Popejoy IFP status, appointed the Federal Public Defender to represent him in connection with the § 2255 proceeding, and directed the government to file an answer. After obtaining an enlargement of time, the government filed its answer and a supporting brief on April 15, 2005.

    Treating Judge Piester's January 10th order as an order issued on initial review conducted pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"), I then issued an order on May 11, 2005, allowing Popejoy 20 days to file a reply before I would proceed to determine under Rule 8(a) of the § 2255 Rules whether an evidentiary hearing is warranted. I indicated in the order that I was particularly interested in learning what

evidence Popejoy has to support the allegation that his trial attorney refused to file an appeal, and requested that any such evidence be included in affidavits and filed with the reply. After obtaining several enlargements of time, Popejoy filed his reply and affidavits on August 26, 2005, and also requested an evidentiary hearing.

Popejoy represents in his reply that he is now pursuing only three claims of ineffective assistance of counsel, involving: (1) the lack of a safety valve reduction; (2) use of an allegedly incorrect criminal history; and (3) the failure to appeal. He has expressly withdrawn claims involving allegations that the prosecutor "perjur[ed] himself about not visiting with witnesses," that "he should have been sentenced on 'less than the 700 grams' [of methamphetamine] this Court attributed to him," and that "the Court labeled him as a dangerous person." (Filing 92, p. 3.) Popejoy also takes the position that "holding an evidentiary hearing on Popejoy's ineffective assistance of counsel claim regarding trial counsel's inaction on Popejoy's safety valve eligibility . . . would conclusively resolve all issues raised concerning the length of his prison sentence[,] and, consequently, "once said hearing is granted, the issue of trial counsel failing to file an appeal upon Popejoy's timely request may be denied as moot." (Filing 92, p. 4.)

## DISCUSSION

To obtain relief based on a deprivation of the right to effective assistance of counsel, Popejoy must prove two elements of the claim:

> First, he must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. In considering whether this showing has been accomplished, judicial scrutiny of counsel's performance must be highly deferential. We seek to eliminate the distorting effects of hindsight by examining counsel's performance from counsel's perspective at the time of the alleged error. Second, [he] must show that the deficient

> performance prejudiced the defense. This requires him to demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

United States v. Thammavong, 378 F.3d 770, 772 (8th Cir. 2004) (internal quotations and citations omitted). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

### *Safety Valve*

Under the safety valve provided in 18 U.S.C. § 3553(f), "less knowledgeable and less culpable offenders" may be able to avoid application of the "often harsh statutory minimum sentences" if they give full and truthful information about their offenses before sentencing. United States v. Alvarado-Rivera, 412 F.3d 942, 944 (8th Cir. 2005) (en banc) (quoting United States v. Madrigal, 327 F.3d 738, 743 (8th Cir.2003)). There are five statutory requirements for safety valve eligibility, and it is undisputed that Popejoy met the first four: (1) he did not have more than one criminal history point; (2) he did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; and (4) he was not found to be an organizer, leader, manager, or supervisor of others or to have engaged in a continuing criminal enterprise. 18 U.S.C. § 3553(f)(1)-(4); U.S.S.G. § 5C1.2(a)(1)-(4). The final requirement is that, not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that

were part of the same course of conduct or of a common scheme or plan.  18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).

The presentence investigation report recommended a 2-point enhancement for Popejoy's possession of a dangerous weapon, but, at the conclusion of a lengthy sentencing hearing, I found there was insufficient evidence and sustained Popejoy's objection to that recommendation.  (Transcript (filing 66), pp. 223-24.)  Following that ruling, I questioned counsel about Popejoy's eligibility for safety valve relief and was informed by the government that Popejoy failed to satisfy the fifth requirement. The courtroom exchange was as follows:

> THE COURT:  All right.  Now, where do we stand on eligibility for the safety valve?
>
> MR. GILLAN:  He hasn't even objected to not getting it, Your Honor.
>
> THE COURT:  Well, has he given a safety valve interview?
>
> MR. GILLAN:  He made a statement and he lied.
>
> THE COURT:  It's the position of the Government that it is untrue.
>
> MR. GILLAN:  That's correct.

(Transcript, p. 225.)

Popejoy's attorney made no immediate response.  A short time later, however, during allocution, Popejoy's attorney had the following comments:

> So I know Mr. Gillan isn't real happy with your decision on the gun enhancement, and I think that's quite frankly why he says, well, my client lied in his proffer interview.  I've never heard that he lied in his proffer interview, Judge.  Nobody has ever told me that he lied.  So I find that interesting, that that comment would come up at this point.

4

> And I think it's directly in response to your decision on the gun enhancement.

(Transcript, p. 227.) There was no further discussion of the safety valve question, and no request was made by Popejoy's attorney to postpone sentencing.

Defendants have the burden to show affirmatively that they have satisfied each requirement for the safety valve, including whether truthful information and evidence have been given to the government. Alvarado-Rivera, 412 F.3d at 947 (citing United States v. Santana, 150 F.3d 860, 864 (8th Cir.1998)). The safety valve provision was designed to benefit "a narrow class of defendants," H.R.Rep. No. 103-460 (1994), who show they meet the statutory requirements. Id.

Popejoy has not affirmatively alleged, and has not presented any evidence, that he truthfully provided to the government all the information he had concerning the drug conspiracy. Popejoy merely complains in his § 2255 motion that:

> When the judge asked about safety valve, the prosecutor stated that I had lied. There was no evidence or facts to support this statement.

(Filing 69, ¶ 12.A.) Absent at least some showing that Popejoy in fact satisfied the fifth requirement for safety valve relief, no evidentiary hearing is required. See, e.g., Hudson v. United States, 210 F.3d 379 (Table), 2000 WL 419998 (8th Cir. 2000) (unpublished opinion) (no abuse of discretion in denying evidentiary hearing where defendant did not allege that she disclosed the type of information required to qualify for a safety valve reduction).

### *Criminal History*

Popejoy next complains that while he was correctly assigned to the lowest criminal history category, his criminal history contains an error. According to

5

Popejoy's reply, his current attorney has spoken with the probation officer, who verified that the presentence investigation report (at ¶ 45) mistakenly attributed an assault conviction (and 1 criminal history point) to Popejoy. Popejoy requests that the report be corrected "so that his security classification may be lowered and so that he may be transferred to a camp facility." (Filing 92, p. 4.)

Because the alleged error did not affect Popejoy's sentence, no relief can be granted under § 2255.

### *Failure to Appeal*

Although ineffective assistance of counsel claims generally require a petitioner to show both deficient performance by counsel and prejudice to the defense caused by that performance, an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. Barger v. United States, 204 F.3d 1180, 1181-82 (8th Cir. 2000) (citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir.1992)). See also United States v. Taylor, 258 F.3d 815, 818 (8th Cir. 2001). When a factual dispute exists as to whether the defendant requested his attorney to file an appeal – in other words, when the record does not "conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255 – an evidentiary hearing is required. See Estes v. United States, 883 F.2d 645, 648-49 (8th Cir. 1989) (factual dispute existed where government's response included affidavit by defendant's appointed counsel, who essentially denied that he was requested to file an appeal, and defendant filed a traverse in which he insisted that he made the request shortly after sentencing). See also Doutt v. United States, 77 Fed. Appx. 919, 2003 WL 22324881 (8th Cir. 2003) (unpublished opinion) (because record was inconclusive, district court should have held an evidentiary hearing on the issue of whether defendant instructed his trial counsel to file a notice of appeal); Kurkowski v. United States, 221 F.3d 1342 (Table), 2000 WL 872982

(8th Cir. 2000) (unpublished opinion) (evidentiary hearing was required where defendant and defense counsel filed conflicting sworn statements on whether defendant had instructed counsel to file a notice of appeal).  Cf. Crutcher v. United States, 2 Fed. Appx. 658, 2001 WL 179905 (8th Cir. 2001) (unpublished opinion) (where defendant offered no sworn factual support for his bare assertion that he requested an appeal, district court erred by granting relief; it should have held an evidentiary hearing to get the facts straight); Shultz v. United States, 205 F.3d 1347 (Table), 1999 WL 1212453 (8th Cir. 1999) (unpublished opinion) (no evidentiary hearing required because claim that attorney was asked to file an appeal was only presented in an unsworn brief); Acevedo-Areos v. United States, 56 F.3d 68 (Table), 1995 WL 296390 (8th Cir.1995) (unpublished opinion) (concession by government that evidentiary hearing was necessary).

In addition to Popejoy's conclusory declaration in his § 2255 motion that his trial attorney refused to appeal (see Filing 69, ¶ 13), I have reviewed the affidavits submitted by Popejoy's brother and two sisters.  Based upon such review, I conclude that an evidentiary hearing is warranted with respect to such claim, and, pursuant to Rule 8(b) of the § 2255 Rules, I will refer the matter to Magistrate Judge Piester to conduct the hearing and to prepare a report and recommendation.

IT IS ORDERED that:

1. All claims alleged in Defendant's § 2255 motion (filing 69) are denied except Defendant's claim that he was denied effective assistance of counsel because his trial attorney failed or refused to file an appeal, as to which an evidentiary hearing will be conducted.

2. Defendant's request for an evidentiary hearing (filing 92) is otherwise denied.

7

3. Pursuant to Rule 8(b) of the § 2255 Rules, this matter is referred to Magistrate Judge Piester to conduct an evidentiary hearing on the claim that Defendant was denied effective assistance of counsel because his trial attorney failed or refused to file an appeal, and to prepare a report and recommendation.

DATED: September 9, 2005.     BY THE COURT:

                                                  s/ *Richard G. Kopf*
                                                  United States District Judge